IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| CARLOS DE LA PUENTA, | ) | |
|     Petitioner, | ) | Civil Action No. 7:18CV574 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| UNITED STATES, | ) | By: Norman K. Moon |
|     Respondent. | ) | United States District Judge |

Carlos de la Puenta, a federal inmate proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Respondent filed a motion to dismiss the petition (Dkt. No. 12.)[1]  In it, respondent moves to dismiss the petition in its entirety, arguing that the court lacks jurisdiction over the petition and that the petition fails to state a claim upon which relief may be granted.

For the reasons set forth herein, I conclude that jurisdiction is lacking over de la Puenta's § 2241 petition and will therefore dismiss it without prejudice.

I.

De la Puenta is currently serving a life sentence imposed on May 25, 1999, by the Northern District of Georgia in *United States v. Carlos Delapuente*, Case No. 1:94-CR-351 (N.D. Ga. 1999).  The petition, his second § 2241 petition in this court, raises a single claim: that de la Puenta was sentenced to a life sentence based on prior convictions which do not qualify as predicates for that sentence.  He seeks resentencing without the enhancement.

In a subsequent letter to the Court dated March 5, 2019,[2] de la Puenta mentions both the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018), which he alleges pertains to

---

[1] Unless otherwise indicated, all docket references are to the current habeas petition, No. 7:18-cv-00574.  Page citations refer to the pagination generated by the Court's electronic filing system.

[2] De la Puenta asks that the letter "be attached to [his] 2255 . . . ," (Dkt. No. 7), but refers to the case number of the current § 2241 petition, (*id.*).

him, and the Supreme Court rulings in *Johnson v. United States*, 135 S.Ct. 2551 (2015), and *Dimaya v. Sessions*, 138 S.Ct. 1204 (2018), which he claims disqualify him from receiving a life sentence. (Dkt. No. 7.)

As I explain, de la Puenta's claim is not properly before this Court because it does not fall within the savings clause and cannot be brought in a § 2241 petition.

II.

Typically, a petitioner challenging the validity of his conviction or sentence must proceed under 28 U.S.C. § 2255 in the district where he was convicted. However, the "savings clause" in § 2255 allows a prisoner to challenge the validity of his conviction and/or his sentence by filing a § 2241 petition for writ of habeas corpus, if he demonstrates that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). In *United States v. Wheeler*, 886 F.3d 415 (4th Cir. 2018), the Fourth Circuit explained that where a petitioner is challenging the legality of his sentence (as opposed to his conviction), § 2255 will be deemed "inadequate or ineffective" only when all of the following four conditions are satisfied:

> (1) At the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;
>
> (2) Subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;
>
> (3) The prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and
>
> (4) Due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*Id.* at 429; *see also Lester v. Flournoy*, 909 F.3d 708, 712 (4th Cir. 2018) (applying *Wheeler*); *In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000) (reaching same conclusion with respect to challenges to convictions under § 2241 and setting forth similar factors). The *Wheeler* court also affirmed that the requirements of the savings clause are jurisdictional. 886 F.3d at 426. Thus, a

§ 2241 petitioner relying on the savings clause to challenge his sentence must meet the *Wheeler* test for the district court to have subject-matter jurisdiction to evaluate the merits of the petitioner's claims. *Id.* at 425–26, 429.

De la Puenta was convicted of one count of conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1). (Dkt. No. 12-1 at 1.) His sentence was enhanced pursuant to 21 U.S.C. § 851 to a term of life in prison based on three prior controlled substance offenses. (Dkt. No. 1 at 7.) De la Puenta claims that these prior convictions do not qualify as predicates for a life-sentence enhancement. (*Id.* at 7–8.) The petition provides no further information or argument in support of his claim.[3]

As noted above, de la Puenta filed a previous petition for habeas corpus under § 2241 in the Western District of Virginia in 2006, challenging both his conviction and sentence. (*De la Puenta v. United States*, No. 7:06-cv-0019, Dkt. 1 (W.D. Va. 2006.) The Court analyzed de la Puenta's claims under the factors set forth in *Jones*, 226 F.3d at 333–34, and found that he could not meet the *Jones* standard, (*De la Puenta*, No. 7:06-cv-0019, Dkt. 2 at 2). Similarly, here, de la Puenta cannot satisfy W*heeler*'s conditions.

Specifically, de la Puenta cannot meet the second and third *Wheeler* requirements. He points to no change in substantive law legalizing the conduct for which he was convicted which has been made retroactively applicable to cases on collateral review. *See Wheeler*, 886 F.3d at 489. Moreover, he cannot demonstrate that § 2255 is "inadequate or ineffective" to test the

---

[3] The Presentence Investigation Report ("PSR") (Dkt. No. 12-1) prepared for De la Puenta's sentencing perhaps provides some insight into his argument. In his objection to the PSR, De la Puenta challenged the assessment of criminal history points for one of the prior convictions, noting that it had been consolidated for sentencing with a previous conviction. (Dkt. No. 12-1 at 10.) The probation officer pointed out that the offenses were not related because they did not occur on the same occasion. (*Id.*)

De la Puenta has also challenged the enhancements in previous actions in this Court and elsewhere on jurisdictional grounds, among others. (*De la Puenta*, No. 7:06-cv-0019, Dkts. 1, 2 (W.D. Va. 2006) (summarizing previous filings).)

legality of his detention. 28 U.S.C. § 2255(e); *see Wheeler*, 886 F.3d at 489. In fact, de la Puenta challenged the legality of the § 851 enhancement of his sentence as jurisdictionally defective in a motion to vacate sentence pursuant to § 2255 in the Northern District of Georgia. (*De la Puenta*, No. 7:06-cv-0019, Dkt. 2 at 1 (citing Case No. 1:02-cv-2202 (N.D. Ga. 2002).) "[T]he remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion." *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (internal citations omitted). De la Puenta fails to address why § 2255 is "inadequate or ineffective" to test the legality of his detention.[4]

All four *Wheeler* conditions must be satisfied. *See Wheeler*, 886 F.3d at 429. De la Puenta cannot meet the second and third requirements. Therefore, I conclude that de la Puenta has failed to demonstrate eligibility to proceed under the savings clause and § 2241. *See Wheeler*, 886 F.3d at 426 (stating that savings clause requirements are jurisdictional).

In his March 5, 2019, letter to the Court, de la Puenta refers to the First Step Act and states that "[t]here are a lot of laws in that Bill that pertain[] to me." (Dkt. No. 7 at 1.)[5] As respondent notes, however, the First Step Act states that "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence." (Dkt. No. 12 at 4 (quoting Pub. L. No. 115-391, §404(b), 132 Stat. 5194)) (second alteration in original). Assuming for purposes of

---

[4] In fact, in its Order of December 20, 2018, the Court noted that "it appears his petition would be more appropriately filed as a § 2255 petition because he seeks to challenge his sentence. The petitioner bears the burden of demonstrating that the remedy in his § 2255 petition was inadequate or ineffective." (Dkt. No. 2 at 1.) The Court directed de la Puenta to "return to the court an explanation of why his § 2255 petition was inadequate or ineffective," (*id.*), if he "wishe[d] to proceed as a § 2241 petition . . . ," (*id.*). De la Puenta never filed such explanation.

[5] De la Puenta previously sought the appointment of counsel to assist him with respect to the First Step Act. (Dkt. No. 5 at 1; Dkt. No. 7 at 1.) The Court found that the appointment of counsel was not in "the interests of justice" at that time and denied the motion. (Dkt. No. 6.)

argument only that the First Step Act applies in de la Puenta's case, the court that imposed his judgment is the Northern District of Georgia, not the Western District of Virginia. Accordingly, the First Step Act provides this Court with no jurisdiction over de la Puenta's claim.

Lastly, de la Puenta states that due to the Supreme Court's rulings in *Johnson* and *Dimaya* regarding the residual clause and crimes of violence, he does not qualify for a life sentence. (Dkt. No. 7 at1.) But *Johnson* and *Dimaya* are both constitutional, not statutory, decisions and therefore do not fit within the *Wheeler* framework. *See Dimaya*, 138 S.Ct. at 1210 (holding that residual clause of 18 U.S.C. § 6 "suffers from the same constitutional defect" as the statute at issue in *Johnson*); *Johnson*, 135 S.Ct. at 2563 (holding that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process"); *see also Wheeler*, 886 F.3d at 430 (noting that appellant could not satisfy requirements of § 2255(h)(2) because the decision on which his claim was based was "a statutory decision and was not made retroactive by the Supreme Court"). And, second, de la Puenta cannot show that § 2255 is "inadequate or ineffective" with respect to a *Johnson*/*Dimaya* claim, as he has already filed a motion to vacate based on *Johnson* in the Northern District of Georgia. (*United States v. Carlos Delapuente*, No. 1:94-cr-351, Dkts. 495, 500 (N.D. Ga. 1999)). The fact that his motion was dismissed on jurisdictional grounds is irrelevant to the *Wheeler* analysis. *See Vial*, 115 F.3d at 1194 n.5. Accordingly, *Johnson* and *Dimaya* provide no basis for jurisdiction in this Court.

Because the Court has found that de la Puenta does not satisfy the *Wheeler* test for seeking relief under the savings cause clause of § 2255(e), he does not qualify for sentencing relief under § 2241, and jurisdiction over his § 2241 petition is lacking. Further, neither the First Step Act nor the *Johnson* and *Dimaya* decisions provide the court with jurisdiction.

Accordingly, I will grant respondent's motion to dismiss. De la Puenta's petition will be dismissed without prejudice for lack of jurisdiction.

An appropriate order will be entered.

**ENTER**: This  6th day of May, 2020

_____
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE